## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GERMAN MALIAK PARKER | ) | CASE NO. 20-32639 |
| | ) | CHAPTER 7 |
| Debtor(s) | ) | |
| | ) | |

### MEMORANDUM

This case comes before the Court on the Court's sua sponte order directing the bankruptcy petition preparer, Mr. Charles M. Langevin, Jr. ("Langevin"), to appear and show cause why he should not be required to return to the Debtor the amount of $149.00 as requested by the United States Trustee ("UST") in its Motion for Disgorgement of Bankruptcy Petition Preparer Fees. The Court conducted a hearing on its Show Cause Order on May 11, 2021, at which both the UST and Langevin appeared.

### FACTS

The Debtor filed a Chapter 7 petition on October 30, 2020, and Robert W. Keats was appointed as the Chapter 7 trustee. In her petition, the Debtor indicated that she had paid Langevin to help her fill out her bankruptcy forms. Langevin was also listed by the Debtor on both Part 1 and Part 2 of Official Form 119 ("Bankruptcy Petition Preparer's Notice, Declaration, and Signature"). On the Disclosure of Compensation of Bankruptcy Petition Preparer, Langevin indicated that he received $299 for his services prior to the filing of the case.

On January 14, 2021, the UST filed its Motion for Disgorgement of Bankruptcy Petition Preparer Fees. In the motion, the UST alleges that $299 fee is in excess of the value of the services rendered by Langevin. The UST asserted that $150 is a reasonable sum for the compensation of Langevin for the services of a bankruptcy petition preparer.

The Court conducted several hearings on the UST motion, but at the hearing held on April 20, 2021, Langevin failed to appear. In response to his failure to appear, the Court sua sponte issued an order to show cause why Langevin should not be required to return to the Debtor the amount of $149 as requested by the UST in its motion. The Court set a hearing on its show cause order for May 11,

2021.

At the May 11, 2021 hearing, Langevin appeared and argued that his rate was reasonable and that the market should determine the reasonableness of his rate. The UST stood by its motion. At the conclusion of the hearing, the Court took the matter under submission.

## JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), which this Court may hear and determine.

## DISCUSSION

Section 110 of the Bankruptcy Code regulates the conduct of bankruptcy petition preparers. Congress enacted Section 110 to "address the growing problem of bankruptcy [petition] preparers who abuse the system in the course of preparing documents for debtors to file." 2 Collier on Bankruptcy, ¶ 110.LH (15th ed. rev. A. Resnick & H. Sommer 2003)(p.110–22–110–24) (citing S.Rep. No. 103–168, 103rd Cong., 1st Sess. 51 (1993)). There is no dispute that Langevin acted as a bankruptcy petition preparer for the Debtor. Consequently, the UST motion as well as the Court's own show cause order requires the Court to address the provisions of § 110.

Section 110(h)(3)(A) provides that a court "shall disallow and order the immediate turnover to the bankruptcy trustee any fee ... found to be in excess of the value of any services ...." Section 110(h)(4) provides that several entities, including the UST or the Court itself, may request this remedy. The motion filed by the UST and the Court's own show cause order is such a request. The Court therefore is called upon to determine whether the $299 charged by Langevin is in excess of the value of the services provided as a petition preparer.

Under § 110, the burden of proving the reasonableness of a fee collected by a bankruptcy petition preparer rests upon the petition preparer. See, e.g., In re Froehlich, 23 Fed.Appx. 572, 574, 2001 WL 1530594 (7th Cir. 2001) (petition preparer, as the party seeking fees, "has the burden of establishing that he or she is entitled to them once a question regarding their reasonableness has been raised."); In re Haney, 284 B.R. 841, 850–51 (Bankr. N.D. Ohio 2002)(same); In re Doser, 281 B.R.

292, 313 (Bankr. D. Idaho 2002) (same). In this case, the record reflects that Langevin acted as a petition preparer and that he collected a fee from the Debtor. The burden of proof regarding the reasonableness of Langevin's fee rested with Langevin, who failed to present any proof or argument, by a preponderance of the evidence or any other standard, that the fee that he collected was reasonable compensation for his services as a petition preparer. Because he has failed to prove the reasonableness of his fee, the Court finds that the $299 fee is excessive.

This bring the Court to the question of what fee should be allowed as reasonable. The UST suggests that $150 fee would be reasonable. The UST derives this figure from previous fees allowed by this Court back in 2009, adjusted for present value. The UST correctly notes that in 2009, two judges in this district found that a bankruptcy petition preparer could charge a maximum fee of $25 per hour for up to a total of $125 per case. See In re Payne, 414 B.R. 111, 113 (Bankr. W.D. Ky. 2009) and In re McFadden, No. 09-30765, 2009 WL1360071, at *2.

The Court partially agrees with the UST, in that $299 is excessive, but believes a fee of $200 is a reasonable fee. In essence, this amounts to $40 per hour for five hours. Considering that bankruptcy petitions and schedules can go for over fifty pages in length, the Court finds that this amount of time is reasonable for a bankruptcy petition preparer to do a thorough, complete job of preparing a bankruptcy petition. The Court further finds that $40 per hour is a reasonable rate for a typist.

## CONCLUSION

Based upon the foregoing findings and conclusions, an order shall be entered in this case granting the UST's motion in part, directing the disgorgement of $99 by Langevin to the Debtor. This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

Alan C. Stout
United States Bankruptcy Judge
Dated: May 17, 2021

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| In re: ) | |
| ) | |
| GERMAN MALIAK PARKER ) | CASE NO. 20-32639 |
| ) | CHAPTER 7 |
| Debtor ) | |
| ) | |

## ORDER

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the reasonable value of the services provided to Debtor by the Bankruptcy Petition Preparer does not exceed $200; and

**IT IS FURTHER ORDERED** that the Bankruptcy Petition Preparer shall return to the Debtor the excess (the difference between the reasonable value the services provided and the actual fee paid) that being $99 within 7 days of the date of this Order in accordance with 11 U.S.C.§110(h)(3); and

**IT IS FURTHER ORDERED** that simultaneous with refunding excess fee, the Bankruptcy Petition Preparer shall provide to the United States Trustee evidence of his full compliance with this Order.

_____
Alan C. Stout
United States Bankruptcy Judge

Dated: May 17, 2021